UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

STEVEN D. LISLE, JR.,  )
      )
   Plaintiff,  )
      )
   v.  )   18-CV-1177
      )
OFFICER DAVIS, et al.,  )
et al.  )
      )
   Defendants.  )

## MERIT REVIEW OPINION

Plaintiff filed this case pro se from his incarceration in Pontiac Correctional Center. The case is before the Court for a merit review pursuant to 28 U.S.C. § 1915A.[1] This statute requires the Court to review a complaint filed by a prisoner to identify the cognizable claims and to dismiss part or all of the complaint if no claim is stated.

In reviewing the Complaint, the Court accepts the factual allegations as true, liberally construing them in Plaintiff's favor. Turley v. Rednour, 729 F.3d 645, 649 (7th Cir. 2013). However,

---

[1] A prisoner who has had three prior actions dismissed for failure to state a claim or as frivolous or malicious can no longer proceed in forma pauperis
(without prepaying the filing fee in full) unless the prisoner is under "imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

conclusory statements and labels are insufficient. Enough facts must be provided to "'state a claim for relief that is plausible on its face.'" Alexander v. U.S., 721 F.3d 418, 422 (7th Cir. 2013)(quoted cite omitted).

Plaintiff alleges that, on November 22, 2017, Correctional Officers Davis and Smith used excessive force against Plaintiff and refused to provide Plaintiff medical care for the injuries Plaintiff suffered from the excessive force. Correctional Officer Thorson failed to intervene to stop the excessive force and also refused to obtain medical care for Plaintiff. Plaintiff alleges that these actions and inactions were taken in retaliation for Plaintiff's grievances and prior complaints about assaults.

These allegations state plausible constitutional claims for excessive force, failure to intervene, failure to provide medical attention, and retaliation. The Defendants implicated in one or more of these claims are Defendants Smith, Davis, and Thorson. Plaintiff contends that the Warden, Assistant Wardens, and Grievance Officer are responsible for the excessive force because Plaintiff had earlier filed grievances or told these Defendants about prior assaults by Defendant Smith and Davis. However, these

allegations are too conclusory to plausibly state a claim that the Warden, Assistant Wardens, and Grievance Officer were actually aware of a substantial risk of serious harm to Plaintiff by Officers Smith and Davis.  The attachments to Plaintiff's Complaint show that Plaintiff has made and continues to make frequent allegations of assault by many different officers at Pontiac.  Allegations alone would not give the Warden, Assistant Warden, or Grievance Officer notice that Plaintiff was, in reality, at a substantial risk of future assault by officers.

A review of Plaintiff's litigation history shows that Plaintiff has filed at least 15 cases in the Central District of Illinois since 2017, many of those cases involving alleged excessive force.  Plaintiff is advised that costs may be assessed against him if Defendants win this case, which could affect Plaintiff's ability to proceed in forma pauperis in future cases until he has paid the costs.  Sanctions may also be assessed if the Court determines that Plaintiff's allegations are knowingly false.  Additionally, the Court cannot allow its time to be monopolized by one Plaintiff, given the Court's heavy caseload and hundreds of other prisoner civil rights cases also deserving attention.

**IT IS ORDERED:**

1) Pursuant to its merit review of the Complaint under 28 U.S.C. § 1915A, the Court finds that Plaintiff states plausible constitutional claims for excessive force, failure to intervene, failure to provide medical attention, and retaliation. The Defendants implicated in one or more of these claims are Defendants Smith, Davis, and Thorson. This case proceeds solely on the claims identified in this paragraph. Any additional claims shall not be included in the case, except at the Court's discretion on motion by a party for good cause shown or pursuant to Federal Rule of Civil Procedure 15.

2) All other claims and Defendants are dismissed without prejudice.

3) This case is now in the process of service. Plaintiff is advised to wait until counsel has appeared for Defendants before filing any motions, in order to give Defendants notice and an opportunity to respond to those motions. Motions filed before Defendants' counsel has filed an appearance will generally be

denied as premature. Plaintiff need not submit any evidence to the Court at this time, unless otherwise directed by the Court.

4) The Court will attempt service on Defendants by mailing each Defendant a waiver of service. Defendants have 60 days from the date the waiver is sent to file an Answer. If Defendants have not filed Answers or appeared through counsel within 90 days of the entry of this order, Plaintiff may file a motion requesting the status of service. After Defendants have been served, the Court will enter an order setting discovery and dispositive motion deadlines.

5) With respect to a Defendant who no longer works at the address provided by Plaintiff, the entity for whom that Defendant worked while at that address shall provide to the Clerk said Defendant's current work address, or, if not known, said Defendant's forwarding address. This information shall be used only for effectuating service. Documentation of forwarding addresses shall be retained only by the Clerk and shall not be maintained in the public docket nor disclosed by the Clerk.

6) Defendants shall file an answer within 60 days of the date the waiver is sent by the Clerk. A motion to dismiss is not an answer. The answer should include all defenses appropriate under

the Federal Rules.  The answer and subsequent pleadings shall be to the issues and claims stated in this Opinion.  In general, an answer sets forth Defendants' positions.  The Court does not rule on the merits of those positions unless and until a motion is filed by Defendants.  Therefore, no response to the answer is necessary or will be considered.

      7)    This District uses electronic filing, which means that, after Defense counsel has filed an appearance, Defense counsel will automatically receive electronic notice of any motion or other paper filed by Plaintiff with the Clerk.  Plaintiff does not need to mail to Defense counsel copies of motions and other papers that Plaintiff has filed with the Clerk.  However, this does not apply to discovery requests and responses.  Discovery requests and responses are not filed with the Clerk.  Plaintiff must mail his discovery requests and responses directly to Defendants' counsel.  Discovery requests or responses sent to the Clerk will be returned unfiled, unless they are attached to and the subject of a motion to compel.  Discovery does not begin until Defense counsel has filed an appearance and the Court has entered a scheduling order, which will explain the discovery process in more detail.

8) Counsel for Defendants is hereby granted leave to depose Plaintiff at his place of confinement. Counsel for Defendants shall arrange the time for the deposition.

9) Plaintiff shall immediately notify the Court, in writing, of any change in his mailing address and telephone number. Plaintiff's failure to notify the Court of a change in mailing address or phone number will result in dismissal of this lawsuit, with prejudice.

10) If a Defendants fails to sign and return a waiver of service to the clerk within 30 days after the waiver is sent, the Court will take appropriate steps to effect formal service through the U.S. Marshal's service on that Defendant and will require that Defendant to pay the full costs of formal service pursuant to Federal Rule of Civil Procedure 4(d)(2).

11) Within 10 days of receiving from Defendants' counsel an authorization to release medical records, Plaintiff is directed to sign and return the authorization to Defendants' counsel.

12) **Plaintiff's motion for the Court to appoint counsel is denied (5),** with leave to renew after Plaintiff demonstrates that he has made reasonable efforts to find counsel on his own. Pruitt v.

Mote, 503 F.3d 647, 654-55 (7th Cir. 2007). This typically requires writing to several lawyers and attaching the responses. If Plaintiff renews his motion, he should set forth how far he has gone in school, any jobs he has held inside and outside of prison, and any classes he has taken in prison.

13) **The clerk is directed to terminate Defendants Blackard, Melvin, Kennedy, Ruskin, and Cox.**

14) **The clerk is directed to enter the standard order granting Plaintiff's in forma pauperis petition and assessing an initial partial filing fee, if not already done, and to attempt service on Defendants Davis, Smith, and Thorson pursuant to the standard procedures.**

15) **The Clerk is directed to enter the standard qualified protective order pursuant to the Health Insurance Portability and Accountability Act.**

ENTERED: June 11, 2018

FOR THE COURT:     **s/Sue E. Myerscough**
    SUE E. MYERSCOUGH
    UNITED STATES DISTRICT JUDGE